# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1062V
UNPUBLISHED

| | |
|---|---|
| MONIQUE MACCARONE, also known as MONIQUE GARDNER,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: December 29, 2021<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Human Papillomavirus (HPV) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Phyllis Widman*, Widman Law Firm, LLC, Northfield, NJ, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On August 24, 2020, Monique Maccarone filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she sustained a left shoulder injury related to vaccine administration ("SIRVA") as a result of a human papillomavirus vaccine received on September 7, 2017. Petition at 1. Petitioner further alleges the vaccine was received in the United States, her injury has lasted longer than six months, and neither Petitioner nor any other party has filed a civil action for Petitioner's vaccine-related injury. Petition at ¶¶ 2, 17-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 28, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation for SIRVA. Specifically, petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder prior to vaccine administration that would explain the alleged signs, symptoms, examination findings, and diagnostic studies occurring after vaccine injection; she suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and there is no other condition or abnormality present that would explain her symptoms." *Id.* at 4. Respondent further agrees that "the record shows that this case was timely filed, the vaccine was received in the United States, and petitioner satisfies the severity requirement by suffering the residual effects of her injury for more than six months after vaccine administration . . . [and] avers that no civil action or proceedings have been pursued in connection with the vaccine-related injury." *Id.* at 4-5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
